Charles R. Tosh, Jr., Plaintiff-Appellee, v. Meta Grace Tosh Jones, Defendant-Appellant.

Gen. No. 9,924.

Opinion filed January 28, 1954.
Released for publication February 15, 1954.

HEMPHILL & KELSEY, of Carlinville, for appellant.

RINAKER, SMITH & HEBRON, of Carlinville, for appellee.

MR. JUSTICE WHEAT delivered the opinion of the court.

On October 28, 1950, the circuit court of Macoupin county, Illinois, entered a divorce decree in this cause, awarding custody of Michael Dean Tosh, minor child of the parties, to defendant, Meta Grace Tosh Jones, subject to visitation rights of plaintiff, Charles R. Tosh, Jr. Subsequently defendant remarried and, with the child and her husband, removed her residence to the State of Oregon. Plaintiff then instituted proceedings to obtain custody of the child and a stipulation between the parties resulted. Pursuant thereto the Macoupin county circuit court entered an order on April 26, 1952, modifying its original decree to provide that plaintiff should have the child's custody from April 8 to June 10, 1952, and at other times not material. The child was then removed to plaintiff's residence in Illinois and has since continuously resided there without being returned at any time to defendant's custody.

Thereafter, upon hearing of plaintiff's motion filed in the Macoupin county circuit court on June 10, 1952, and in his subsequent supplemental petition and defendant's answer thereto, the decree was again modified by order entered January 20, 1953, awarding the child's custody to plaintiff subject to defendant's right of reasonable visitation. It is from this order that defendant appeals, her theory being that the prior order of April 26, 1952, was final on conditions then existing and that there was no subsequent change in conditions which warranted entry of the order of January 20, 1953.

■ ■ The parties are in substantial agreement that, after entry of a divorce decree, custody of a child of the parties is subject to order of the court and may be changed from time to time as the child's best interests demand, the decree being *res judicata,* however, as to facts existing at the time the decree was entered.

216

(*Nye v. Nye,* 411 Ill. 408.) Accordingly, it is unnecessary to consider or review the facts, detailed at length in the briefs, which occurred prior to April 26, 1952, and on which the custody order of that date was based. For the same reason, as the child's welfare is the primary issue, it is pointless in the circumstances existing here to weigh the relative culpability of the parties implied in the charge that defendant contemptuously removed the child from the court's jurisdiction without its permission and in the countercharge that plaintiff's failure to return the child to the custody of its mother on June 10, 1952, was in violation of the terms of the then existing decree. Moreover, defendant's suggestion that the trial court's intention to punish her for disobeying its prior order motivated entry of the order appealed from is without foundation in the record. Similarly, the record fails to support the contention that custody was awarded plaintiff because his financial position is superior to that of defendant or because of change in plaintiff's, rather than defendant's, circumstances.

The order appealed from specifically finds:

". . . That since the last modification of such decree by this Court, substantial and material changes have occurred affecting the welfare of said minor child in that the said defendant, who heretofore resided in the State of Oregon, has returned to the State of Illinois and is now residing in the City of Jerseyville . . . Illinois, and further, that the said defendant is employed and will be employed and away from her said home in Jerseyville on each of three shifts of work, requiring the employment, if said child's custody is returned to her, of a person or persons to care for and supervise said child during her periods of employment; and further, that it appears from the Court's own investigation of such matter that said defendant and her present husband are estranged from each other and

217

will be living separate and apart from each other, whereas the said plaintiff and his present wife are maintaining a comfortable and desirable home for the said minor child and that said minor child has become settled and accustomed to residing in the home of his said father and his wife, and from all of the evidence heard by this Court, it is apparent that the welfare of said minor child will be best served by permitting him to reside with his said father, subject, however, to liberal rights of visitation on the part of the said defendant mother . . ."

Defendant's categorical statement that no changes affecting the welfare of the child have occurred since the custody provisions of the decree were last modified on April 26, 1952, is manifestly contrary to the foregoing specific findings and defendant has not undertaken to point out in what respect those findings are contrary to the manifest weight of the evidence.

This court has carefully reviewed all of the testimony and is of the opinion that each of the findings of fact quoted above, with the exception of the statement therein contained based upon the court's own investigation, is clearly supported by the manifest weight of the evidence. In what sense defendant and her present husband are "estranged" is not clear on this record. It is clear, however, that at the time of the hearing, by defendant's own testimony, she and her husband were not living together and accordingly were not maintaining a home where the child could be reared in the security of a family relationship. Defendant testified: "I expect my husband back by Christmas. He brought me here in September. As far as I know he is going to stay when he comes Christmas." Assuming on this record that these expectations would materialize, the significant fact remains that it was defendant's intention, by her own testimony, to continue to work outside

the home, even after the contemplated return of her husband, and to leave the care of the child to others outside the home.

Defendant's domestic situation, whether existing or contemplated at the time of hearing, stands in distinct contrast with that apparently existing as of April 26, 1952, when defendant and her husband were living and maintaining together a home in Oregon and when her employment apparently consisted of caring for the children of others in circumstances such that she could keep her own child with her while engaged in such employment.

So far as appears on this record both parties are entirely fit and proper persons to have custody of the child and from all that appears the child has, in the past, received proper care while in its mother's custody. Nevertheless, in the opinion of this court the discretion accorded the trial court by section 18 of the Divorce Act (Ill. Rev. Stat. 1951, ch. 40, par. 19 [Jones Ill. Stats. Ann. 109.186]) was properly exercised in view of its findings of fact. The order of January 20, 1953, will accordingly be affirmed.

*Judgment affirmed.*